IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| BRANDY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. CBD-17-2061 |
| ) | |
| NANCY A. BERRYHILL, ) | |
| ) | |
| Acting Commissioner, ) | |
| Social Security Administration ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

Brandy Smith ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Commissioner denied Plaintiff's claim for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and for Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 17) and Commissioner's Motion for Summary Judgment ("Commissioner's Motion") (ECF No. 18). The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby **REVERSES** and **REMANDS** the matter for further clarification.

I.  **Procedural Background**

On March 18, 2013, Plaintiff filed for DIB under Title II and SSI under Title XVI, alleging disability beginning July 31, 2011. R. 255-61, 262-67. Plaintiff alleged disability due to bipolar

1

disorder, Hepatitis C, depression, and stage 4 cirrhosis of the liver. R. 116, 129. Plaintiff's claims were initially denied on July 23, 2013 and upon reconsideration on January 10, 2014. R. 182-90. An administrative hearing was held on March 1, 2016 (R. 65-102), and on April 11, 2016, the claim was denied. R. 44-64. Plaintiff sought review by the Appeals Council, which concluded on December 7, 2016, that there was no basis for granting the Request for Review. R. 1–6.

## II.     Standard of Review

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2015). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law. *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002). Substantial evidence is "more than a mere scintilla." *Russell*, 440 F. App'x, at 164. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d, at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less

than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § 205(g) precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.' "). The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d, at 1456 (citations omitted). If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Title II and Title XVI if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012). The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) (2012). If she is doing such activity, she is not disabled. If she is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [404.1509/416.909], or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2012). If she does not have such

3

impairment or combination of impairments, she is not disabled. If she does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (2012). If she does have such impairment, she is disabled. If she does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) (2012). If she can perform such work, she is not disabled. If she cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v) (2012). If she can perform other work, she is not disabled. If she cannot, she is disabled.

Plaintiff has the burden to prove that she is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. §§ 404.1545(b)-(c), 416.945(b)-(c). In making this assessment, the ALJ must consider all relevant evidence of the claimant's impairments and any related symptoms. *See* 20 C.F.R. §§ 404.1545 (a), 416.945 (a). The ALJ must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184 at *7 (S.S.A.). "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

## III. Analysis

The ALJ evaluated Plaintiff's claim using the five-step sequential evaluation process. R. 48-58. At step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity since July 31, 2016, the alleged onset date. R. 49-50. At step two, under 20 C.F.R. § 404.1520(c) and § 416.920(c), the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, hepatitis C, cirrhosis, and bipolar disorder. *Id.* at 50. The ALJ stated that the listed impairments were severe because they "impose[d] more than minimal functional limitations on the claimant's ability to perform basic work activities and have lasted or are expected to last for more than twelve months." *Id.* In step three, the ALJ determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. R. 50. At step four, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except Plaintiff

> can occasionally stoop, crouch, kneel, and crawl . . . can occasionally climb stairs and ramps, but never ladders, ropes, or scaffolds . . . can do simple routine repetitive work that does not involve production or pace work . . . can tolerate occasional interaction with supervisors . . . can work in proximity to coworkers, but not with them . . . can have incidental contact with the public, but no direct customer service . . . [and] would miss one day a month.

R. 52. The ALJ then determined that Plaintiff was not capable of performing any of his past relevant work as a receptionist, cashier II, manager, and telemarketer. R. 56. At step five, however, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that accommodate Plaintiff's known limitations, and accordingly concluded that Plaintiff was not disabled within the meaning of the Social Security Act. R. 57-58.

5

On appeal, Plaintiff requests that the Court grant summary judgment in her favor or, in the alternative, remand this matter to the Social Security Administration for a new administrative hearing. For the reasons set forth below, the Court reverses and remands the ALJ's decision.

### A. *The ALJ erred in failing to provide adequate explanation for why Dr. Ehsani's opinion was afforded less than controlling weight; however, the ALJ did not err in affording Ms. Williams' opinions little weight.*

Plaintiff argues that the ALJ failed to give due weight to Plaintiff's treating physicians opinion under the treating physician rule. Pl.'s Mot. 7. The opinions of treating physicians are generally given greater weight than the opinions of other examining physicians because they are "likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)." 20 C.F.R. §§ 404.1527, 416.927.

> A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See Craig [v. Chater]*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 C.F.R. § 404.1527(d)(2). However, where a treating source's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590. If the ALJ does not give a treating source's opinion controlling weight, the ALJ will assign weight after applying several factors, such as, the length and nature of the treatment relationship, the degree to which the opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)-(6) [416.927(c)(1)-(6)].

*Griffin v. Commissioner*, No. SAG-16-274, 2017 WL 432678, at *3 (D. Md. Jan. 31, 2017). Plaintiff alleges that the ALJ erroneously afforded the treating physicians' opinions less than controlling weight, specifically alleging that the ALJ failed to address the factors set forth in 20 C.F.R. § 404.1527, 416.927. Pl.'s Mot. 7-12.

### 1. *The ALJ erred in failing to provide adequate explanation for why Dr. Ehsani's opinion was afforded limited rather than controlling weight.*

Plaintiff alleges that the ALJ erred in assigning "some weight" to Plaintiff's treating physician's, Dr. Hamid Ehsani, medical opinion. Pl.'s Mot. 9. Indeed, Plaintiff argues that Dr.

Ehsani's opinions should have been afforded controlling weight, or in the alternative, the ALJ should have "applied the factors described in 20 C.F.R. § 404.1527(c) . . .. The ALJ's failure to do so is an error." *Id.* at 10. The ALJ afforded Dr. Ehsani's opinion "some weight," instead of controlling weight, on the basis that "Dr. Ehsani's rationale in his limitations appears to be based upon the expected difficulties of the claimant's treatment for hepatitis." R. 55. However, the ALJ failed to support her decision with substantial evidence, instead referring to Social Security Ruling 96-2p. R. 55.

While the Court is cognizant of the fact that the ALJ made reference to Dr. Ehsani's treatment notes in her narrative discussion, the Court finds that the ALJ erred in failing to delve into the treatment notes that supported her findings. Indeed, the ALJ failed to differentiate between the treatment notes produced by Dr. Ehsani that Defendant refers to in arguing that Plaintiff's physical limitations were not as severe as claimed, Def.'s Mot. 5-6, and the treatment notes referred to by Plaintiff that support Dr. Ehsani's findings of severe impairments. Pl.'s Mot. 9-11. Because the Court is unable to determine from the ALJ's decision what record evidence was relied upon in affording Dr. Ehsani's opinion less than controlling weight, the Court is convinced that remand is necessary with specific instructions for the ALJ to provide a more substantive explanation of the record evidence reviewed and relied upon in making her determination.

> 2. *The ALJ did not err in affording Ms. Williams' opinion little weight rather than controlling weight in regards to Plaintiff's mental health.*

Plaintiff likewise alleges that the ALJ erred in assigning "little weight" to the opinion of Plaintiff's treating medical professional, nurse practicioner Michelle Williams. Pl.'s Mot. 11-12. Specifically, Plaintiff argues that the ALJ failed to provide support for her assertion that Ms. Williams' "rationale for her extreme limitations is inconsistent with much of the record . . .". *Id.*

7

at 11. The ALJ assigned Ms. Williams' opinion little weight, but rationalized her conclusion with substantial evidence from the record, articulating specific places in the record where Ms. Williams' opinions were inconsistent with the opinions of other mental professionals, as well as her own findings. R. 54-56.

Plaintiff asserts that the ALJ failed to clearly articulate the support for her assertions, which Plaintiff feels is not supported by substantial evidence. Pl.'s Mot. 11. While the Court recognizes that Ms. Williams prescribed a number of different medications and treatments to Plaintiff, including electric shock therapy, the Court is convinced that the ALJ adequately supported her assertion that Ms. Williams' opinions were afforded little weight through a number of inconsistencies. *See* R. 731-67; R. 54-56. Specifically, the ALJ noted that Ms. Williams' consistently found a "GAF score of 55 or higher, suggestive of moderate symptoms," and "did not recommend hospitalization or increased intensity of treatment." R. 55 (citing Ms. Williams findings at Ex. 23F). The ALJ also noted that the State agency medical and psychological consultants likewise assessed "GAF scores in the moderate range, with Dr. Malik finding a GAF score of 64 and Dr. Asha assessing the claimant at 60." R. 55 (citing Exs. 6F, 11F). The ALJ even went a step further in noting that while the GAF scores are of limited weight, "to the extent that these scores are suggestive of moderate symptoms, which is consistent with the objective findings and GAF scores of . . . Ms. Williams, the [ALJ] gives [the GAF scores] great weight." R. 55.

Moreover, even for opinions that are otherwise accorded controlling weight, the ALJ is not required to give any heightened evidentiary value to legal conclusions contained therein, such as Ms. Williams' statement that it would be "impossible" for the claimant to work. *See Morgan v. Barnhart*, 142 F. App'x 716, 722 (4th Cir. 2005) (holding that a treating physician's

statements that plaintiff was "disabled" and "can't work an 8 hour day" were legal conclusions "deserving of no special weight."). Accordingly, the Court is convinced that the ALJ did not err in affording Ms. Williams' opinions little weight, and provided substantial evidence in support of her decision. As such, the Court is not persuaded by Plaintiff's argument that the ALJ failing to assign controlling weight to Ms. Williams' opinions constituted reversible error.

### B. The ALJ's RFC assessment and corresponding narrative discussion met the standards set forth in Mascio and Monroe.

Plaintiff argues that under the *Mascio* decision, the ALJ's RFC assessment limiting Plaintiff to "simple routine repetitive work that does not involve production or pace work" did not account for the moderate limitations in concentration, persistence, and pace the ALJ found him to have at step three of the sequential evaluation. Pl.'s Mot. 13 (citing R. 52). Under *Mascio*, the Fourth Circuit held that an RFC assessment must account for the ALJ's step three finding of moderate limitations in concentration, persistence, and pace beyond limiting a claimant to performing only "simple, routine tasks." *Mascio v. Colvin,* 780 F.3d 632, 638 (4th Cir. 2015). This Court further clarified that, "[p]ursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec.,* No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015).

In the instant case, the ALJ included in her RFC assessment a corresponding limitation that restricted Plaintiff from work involving production or pace requirements. R. 52.

> Thus, rather than merely finding that Plaintiff's moderate difficulties in concentration, persistence, or pace limited him to simple, routine, and unskilled work, the ALJ in his RFC assessment . . . also accounted for Plaintiff's inability to work in jobs not involving significant stress by excluding production-type line

9

>work, which accounts for moderate difficulties in maintaining concentration, persistence, or pace.

*Henig v. Colvin*, No. TMD-13-1623, 2015 WL 5081619, at *12 (D. Md. Aug. 26, 2015) (citations omitted) (citing to a number of cases in which the court found the standard established in *Mascio* was met through low-production language). Accordingly, the Court is convinced that the requirements laid out in *Mascio* were met by the ALJ's inclusion of a specific limitation in her RFC assessment. Likewise, the Court finds that the ALJ provided adequate support in her narrative discussion to "build an accurate and logical bridge from the evidence to [her] conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). Specifically, the ALJ set forth evidence from the record, both from Plaintiff's treating doctors as well as psychological consultative examiners, establishing that Plaintiff's GAF scores are suggestive of moderate symptoms. R. 54-56. Additionally, the ALJ cited to record evidence indicating that Plaintiff had little to no "difficulty with memory or following a three-step command," despite being diagnosed with bipolar I disorder and having a "sad and anxious mood." R. 54 (citing to Ex. 11F). Finally, the ALJ stated that

> [t]he generally inconsistent and limited objective findings regarding the claimant's mental health status would not support additional limitations beyond the above restrictions **to low stress, unskilled work**, with reduced social interaction, and consideration of absenteeism.

R. 56 (emphasis added). As such, the Court is convinced that the ALJ's RFC assessment included "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." SSR 96-8p, 61 Fed.Reg. 34,474, 34,478 (July 2, 1996). Accordingly, the Court finds that the ALJ provided a limitation in Plaintiff's RFC assessment which accounted for Plaintiff's moderate difficulties with concentration, persistence, or pace, and supported that RFC limitation with adequate evidenciary support in her

narrative discussion. As such, the Court is not persuaded that remand in warranted based on the standards laid out in *Mascio* or *Monroe*.

**IV.     Conclusion**

Based on the foregoing, the Court **REVERSES** and **REMANDS** with specific instructions for the ALJ to provide a more substantive explanation of the record evidence relied upon in finding that Dr. Ehsani's opinion should be afforded less than controlling weight.

August 30, 2018                                                      /s/
                                                                     Charles B. Day
                                                                     United States Magistrate Judge

CBD/gbc